### THE PARISIAN.

### STANCIL et al. v. FREDERICK LEYLAND & CO., Limited, et al.

(Circuit Court of Appeals, Fifth Circuit. March 13, 1920. Rehearing Denied April 10, 1920.)

No. 3422.

1. Salvage ⬄16—Under contract for services not fixing compensation, reasonable compensation recoverable.

Where divers, at the request of a vessel's owner, rendered services to the vessel, in saving it and getting a hole in it closed, so that it could be pumped out and brought to port for repairs, they were entitled to the reasonable value of such services, though there was no express agreement for remuneration, in the absence of any understanding that their compensation was dependent on their success.

**2. Salvage ⊂⇒16—Right to salvage may be fixed by contract.**

> Though a service is one which helps to save a vessel endangered at sea, a valid contract by one party to pay at all events, and by the other to receive, either a fixed or a reasonable compensation for such service, is as conclusive as any other valid contract.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Libel by Hiram N. Stancil and others against Frederick Leyland & Co., Limited, claimant of the steamship Parisian, and others. From a decree awarding less relief than demanded, libelants appeal. Affirmed.

John D. Grace, of New Orleans, La. (John D. & M. A. Grace, of New Orleans, La., on the brief), for appellants.

Henry P. Dart, Jr., of New Orleans, La. (Dart, Kernan & Dart, of New Orleans, La., on the brief), for appellee.

Before WALKER, Circuit Judge, and GRUBB and CALL, District Judges.

WALKER, Circuit Judge. In March, 1915, after the steamship Parisian, bound from the port of New Orleans, had run aground a short distance out from South Pass, she was run into by another vessel, with the result that a hole was cut in the port side of the Parisian about amidship and extending considerably below its water line. The appellants, four marine divers and their helpers, rendered services in saving the vessel and in getting the hole in it closed, so that it could be pumped out and brought safely back to New Orleans for required repairs. They libeled the vessel for the salvage services rendered. The claimant, the owner of the vessel, made a settlement with one of the divers. There was a decree in favor of the other three divers. The claims of the helpers were disallowed. The appeal is from that decree, which is complained of on the grounds that the amount awarded is insufficient, and that awards should have been made in favor of the helpers, as well as the divers.

The evidence was without dispute to the effect that the New Orleans agent of the owner of the Parisian, on learning of the mishap to the vessel, at that place got into communication with the divers, informed them of the situation of the vessel, employed them to render required services as divers, and had them carried in a tug to the scene of the casualty. The claimant in its answer to the libel averred that the divers were hired to work by the day at $25 per day. The agent testified to that effect. One of the divers testified that the agent agreed to pay $50 per day. The testimony of another of the divers was to the effect that the amount to be paid was not fixed, but that it was understood that they were to be paid the customary compensation by the day for such services as were rendered. The court found that the evidence did not make out an agreement on the amount per day to be paid, concluded from evidence adduced that a fair compensation was $35 per day and $35 per night for the time the divers were en-

gaged in the work, and decreed accordingly; the aggregate of the amounts so arrived at being $3,885.

[1, 2] The divers having rendered services to the vessel at the request of its owner, they were entitled to recover the reasonable value of such services, though there was no express agreement for remuneration. The evidence was not such as to support a finding that they undertook the work with the understanding that their right to be compensated for it was at all dependent on the success of the enterprise in which they were engaged. The owner of the vessel, by employing the divers in the manner stated, bound itself to pay them for the services rendered, whether those services did or did not save the vessel or contribute to saving it. Though a service is one which helps to save a vessel endangered at sea, a valid contract by one party to pay at all events, and by the other to receive, either a fixed or a reasonable compensation for such service, is as conclusive as any other valid contract. The Elfrida, 172 U. S. 186, 19 Sup. Ct. 146, 43 L. Ed. 413; The Kennebec, 231 Fed. 423, 145 C. C. A. 417; Elphicke v. White Line Towing Co., 106 Fed. 945, 46 C. C. A. 56. One who renders such a service under such a contract is in a different position under the law from that of one who voluntarily renders such a service under such circumstances that his only chance of being compensated therefor is in the event of the success of the undertaking. As the divers were employed under a contract which entitled them to recover what their work was reasonably worth, whether it was successful or not, they were not entitled also to a reward, which is allowable when such a service is rendered by a volunteer, who takes the risk of getting nothing in return if nothing is saved.

The evidence was such as to support the conclusion that the amounts awarded were not less than the reasonable value of the services rendered, including those rendered by the helpers. The evidence well supported the conclusions that the helpers were employed by the divers, and that neither the ship nor its owner was under any liability to the helpers. There was evidence to show that the wages customarily paid to divers for such services covered also the wages payable by them to their helpers or assistants.

The conclusion is that there was no error in the decree appealed from. It is affirmed.